# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| AIRE TECHNOLOGY LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-cv-01104-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

# GOOGLE LLC'S MOTION TO DISMISS
# PLAINTIFF'S ALLEGATIONS OF INDIRECT INFRINGEMENT

**I.      INTRODUCTION**

Defendant Google LLC respectfully requests that the Court dismiss Plaintiff Aire Technology Ltd.'s ("Aire") claims of induced and contributory infringement. Aire fails to allege facts that could plausibly support these claims for relief and instead rests on generic assertions and boilerplate recitations of legal standards.

In particular, Aire alleges no facts to support the elements of its indirect infringement claims, including any pre-suit knowledge of the asserted patents. Aire further fails to plead any specific acts of inducement by Google, alleging only that Google provides "user manuals and online instruction materials" (Dkt. 1 ¶¶ 20, 31, 43, 54), without reciting any facts plausibly showing that Google intended any third parties to infringe or knew that the third parties' acts constituted infringement. And for contributory infringement, Aire neither identifies any component made or sold by Google that is allegedly combined into an infringing combination nor alleges facts supporting that the accused devices are not suitable for any noninfringing use.

In short, Aire's conclusory and unsupported allegations fail to meet the *Iqbal* and *Twombly* standard for stating a claim and should be dismissed.

**II.     STATEMENT OF FACTS**

Aire filed the complaint in this case on October 25, 2021, asserting infringement of U.S. Patent Nos. 8,581,706; 8,816,827; 8,205,249; and 8,174,360 (together, the "Patents-in-Suit"). Dkt. 1. Aire defines the "Accused Products" in this case as including the following smartphones: Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5, Pixel 5a (5G), Pixel 6, and Pixel 6 Pro. *Id*. ¶ 12. The complaint alleges direct, induced, and contributory infringement of the Patents-in-Suit. *Id*. ¶¶ 13–57.

Regarding induced infringement, the entirety of Aire's allegations are as follows:

> As of at least the filing and service of this complaint, Google has knowledge of the [Patents-in-Suit] and the infringing nature of the Accused Products. Despite this knowledge of the [Patents-in-Suit], Google continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website, and other online publications cited above) to use the Accused Products in ways that directly infringe the [Patents-in-Suit], for example by utilizing the NFC functionality on the Accused Products [*and/or mobile payment applications, such as Google Pay*], in an infringing manner. Google does so knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the [Patents-in-Suit], thereby specifically intending for and inducing its customers to infringe the [Patents-in-Suit] through the customers' normal and customary use of the Accused Products.

*Id*. ¶¶ 20, 31, 43, 54 (italicized language omitted from paragraph 54).

In regards to contributory infringement, Aire makes only the boilerplate allegations that:

> Google has also infringed, and continues to infringe, one or more claims of the [Patents-in-Suit] by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the [Patents-in-Suit], are especially made or adapted to infringe the [Patents-in-Suit], and are not staple articles or commodities of commerce suitable for non-infringing use. Google has been, and currently is, contributorily infringing the [Patents-in-Suit] in violation of 35 U.S.C. §§ 271(c) and/or (f).

*Id*. ¶¶ 21, 32, 44, 55.

### III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). The plausibility standard is not met unless the "plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.   ARGUMENT

The Court should dismiss Aire's indirect infringement claims for four reasons. First, Aire fails to plead facts of pre-suit indirect infringement. Second, Aire also fails to plausibly plead indirect infringement since the filing of the complaint. Third, and specifically for induced infringement, Aire does not allege any facts to support that Google committed any acts of inducement; instead, Aire provides vague assertions about "manuals" and "materials" provided to customers. Fourth, as to contributory infringement, Aire has not identified any specific component that is part of an infringing combination, nor has Aire shown that the accused devices are not suitable for noninfringing use.

### A.   The pre-suit indirect infringement claims should be dismissed because Aire doesn't allege pre-suit knowledge of the Patents-in-Suit let alone knowledge of their alleged infringement.

Claims for contributory and induced infringement require both "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (citation omitted); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011).

Aire makes no effort to plead that Google had pre-suit knowledge of the Patents-in-Suit let alone knowledge that it was infringing these patents; rather, Aire alleges only that Google has the knowledge through "the filing and service of this complaint." Dkt. 1 ¶¶ 20, 31, 43, 54. This allegation necessarily cannot establish pre-suit indirect infringement.

This Court has dismissed indirect infringement allegations that fail to plead pre-suit knowledge. In *Castlemorton Wireless, LLC v. Bose Corp.*, this Court dismissed indirect pre-suit infringement claims because the "complaint does not plead any facts that would support an

allegation of pre-suit knowledge." No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020). For the same reasons, Aire's allegations that Google became aware of the Patents-in-Suit via filing of the complaint cannot support claims of pre-suit indirect infringement and these claims should be dismissed.

Aire's mere invocation of the phrase "willful blindness" likewise cannot save its deficient indirect infringement allegations. *See Global-Tech Appliances*, 563 U.S. at 766, 769 (holding that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id*. at 769. A plaintiff who relies on willful blindness to plead knowledge must identify in its complaint, at least, "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802 at *2 (W.D. Tex. Oct. 4, 2021) (citations omitted). Aire, however, merely states that "Google does so [encourages infringement] knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts." Dkt. 1 ¶¶ 20, 31, 43, 54. This Court has held that similar allegations are insufficient to support a claim for indirect infringement. In *Kirsch*, Plaintiff alleged: "'Defendant has been willfully blind to its infringement of the '482 Patent by, for example, ignoring the patent markings on both Kirsch's practicing products and its literature.' [] This is simply not enough." *Kirsch,* 2021 WL 4555802, at *2 (dismissing induced and willful infringement claims based on willful blindness). The allegations here are even more scant and should likewise be dismissed.

4

Indeed, Aire has not alleged any facts supporting that Google was willfully blind "to the likelihood of infringement." *Id.*; *See Global-Tech Appliances*, 563 U.S. at 766, 769.

> **B.    The post-suit indirect infringement claims should be dismissed because the complaint does not allege the requisite knowledge.**

Aire's claims for indirect infringement after the filing of its complaint also fail because they rely entirely on the service of the complaint for knowledge of the Patents-in-Suit and their infringement. This Court has dismissed post-suit induced infringement claims where the allegations of knowledge of the asserted patent were based on the complaint and the allegations of acts of indirect infringement were generic. *Proven Networks v. NetApp*, No. 6:20-cv-00369-ADA, Text Order (W.D. Tex. Mar. 31, 2021). In *Proven Networks*, the parties argued at length in the briefing regarding whether knowledge of the patents stemming from the complaint itself could support a claim of post-suit induced infringement and the Court found that it could not and dismissed the claims. *Id*. (granting motion to dismiss induced infringement claims without prejudice). Other courts in this District have likewise found that knowledge based on the filing of a lawsuit is "insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–0702 XR, 2011 WL 2471299, at *2–3 (W.D. Tex. June 17, 2011) (report and recommendation dismissing indirect infringement claims that defendant "has been and now is . . . indirectly infringing"); *see also Aguirre v. Powerchute Sports, LLC,* No. SA–10–CV–0702 XR, 2011 WL 3359554, at *6 (W.D. Tex. Aug. 4, 2011) (granting motion to dismiss indirect infringement claims).

In seeking dismissal, Google acknowledges that this Court denied a motion to dismiss post-suit indirect infringement allegations, but did so in the context of a motion focused largely on pre-suit indirect infringement and without citing to any other legal authority. *See USC IP P'ship, L.P. v. Facebook, Inc*., No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2–3 (W.D. Tex. July 23,

5

2021); Dkts. 9, 14. Because the parties more substantively discussed the issue of post-suit indirect infringement in the *Proven Networks* case, it serves as this Court's more on-point authority as to that issue.

As a Delaware court recently explained in dismissing indirect infringement claims where knowledge was pleaded based only on the filing of the complaint: "the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims," and it is "neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021). Thus, "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages." *Id*. at 250.

Accordingly, Aire's indirect infringement claims, which rely entirely on service of the complaint to establish knowledge of the Patents-in-Suit, should be dismissed.

### C. Aire's induced infringement claims should be dismissed because it does not plead sufficient facts regarding inducement.

This Court has dismissed indirect infringement claims when the plaintiff asserted only that "[defendant] provid[es] instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the Asserted Patents, including those found at www.LG.com and in product literature." *Ikorongo Tech. LLC v. LG Elecs. Inc.*, No. 6:20-cv-257-ADA, Text Order (W.D. Tex. Mar. 31, 2021); *id*. at Dkt. 16 at 7–8. Other courts are in accord. In *Hypermedia Navigation LLC v. Google LLC*, for example, the court dismissed induced infringement claims, explaining that "passing references to user manuals, guides, and support articles, without ever saying what those materials contain, [are] wholly inadequate for an inference of specific intent." No. 18-CV-06137-HSG, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019)

(citations omitted). And in *Dodots Licensing Solutions, LLC v. Lenovo Holding Co.*, the court dismissed induced infringement claims based on allegations that the "Defendants induce infringement [] and intend to do so, through their . . . product manuals, and other materials such as their website." No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018).

Aire's inducement claims are based on similarly generic allegations and should be dismissed. Aire relies on the vague allegation that "Google continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website, and other online publications cited above) to use the Accused Products in ways that directly infringe the [Patents-in-Suit], for example by utilizing the NFC functionality on the Accused Products [and/or mobile payment applications, such as Google Pay], in an infringing manner." Dkt. 1 ¶¶ 20, 31, 43, 54. While Aire includes some screenshots from Google's websites, Aire's complaint does not even purport to back up its allegation that the cited materials instruct customers to use NFC "in an infringing manner." Such generic allegations are insufficient to state a claim for induced infringement.

> **D.    Aire's contributory infringement claims should be dismissed because Aire does not identify what Google component infringes or that any such component has no noninfringing use.**

A complaint for contributory infringement must include facts supporting the plausibility, among other things, that (1) "the defendant supplies a component that is a material part of a patented invention" and (2) "the component is not a staple article or commodity suitable for noninfringing use." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). Here, Aire has not identified any Google *component* that is combined into an infringing combination. Instead,

7

it identifies entire devices: the "Accused Products". Nor has Aire made any attempt to show that the Accused Products are not suitable for noninfringing use.

First, Aire asserts that Google contributorily infringes by selling the Accused Products "knowing that the Accused Products constitute a material part of the inventions claimed in the [Patents-in-Suit], [and] are especially made or adapted to infringe the [Patents-in-Suit]." Dkt. 1 ¶¶ 21, 32, 44, 55. But as Aire's allegations in the complaint show, under its infringement theories, the Google devices accused of infringement are smartphones including: the "Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5, Pixel 5a (5G), Pixel 6, and Pixel 6 Pro[.]" *Id.* ¶ 12. These smartphones are not components of any larger, accused combination. To the extent Aire is accusing any Google "components," they cannot logically be the devices themselves.

Second, Aire's complaint contains only a single sentence per asserted patent stating, without any facts, that the accused devices "are not staple articles or commodities of commerce suitable for non-infringing use." *Id*. ¶¶ 21, 32, 44, 55. Setting aside the conclusory nature of this allegation, it is implausible based on a comparison of the subject matter of the Patents-in-Suit to the accused smartphones. For example, Aire alleges that the Accused Products infringe the Patents-in-Suit by using and supporting near field communication (*id*. ¶¶ 15, 26, 49) and "support[ing] mobile payment applications, such as Google Pay, which enable a security-operation within a secure electronic transaction" (*id*. ¶ 37). But the Accused Products are not especially designed for these purposes only. To the contrary, the accused smartphones can be used without ever using their NFC functionality to make a payment—for example, to make a phone call.

In *Joao*, the Court dismissed similar contributory infringement allegations, finding that "the paragraphs containing Joao's pleading of contributory infringement are thin of fact and consist

8

of conclusory allegations that merely recite the elements of contributory infringement." *Joao*, 2015 WL 3513151, at *5. "At a minimum," the Court explained, "it is unclear to the court how the components listed as 'accused products' do not have noninfringing uses." *Id*. As in *Joao*, Aire has made no attempt to explain how the Accused Products are not suitable for noninfringing use.

Aire has not specifically identified a Google component, only entire devices. Nor has Aire alleged that these devices are especially adapted to be used in an infringing combination or shown that the Accused Products are not suitable for noninfringing use. Aire's contributory infringement claims should therefore be dismissed.

## V.     CONCLUSION

Aire alleges no facts to support the elements of its indirect infringement claims, including pre-suit knowledge of the Patents-in-Suit and knowledge of infringement. Aire's inducement claims fail because they lack specific acts of inducement by Google. And its contributory infringement claims fail because they do not identify any component made or sold by Google that is allegedly combined into an infringing combination that has no noninfringing use. Google therefore respectfully requests dismissal of Aire's indirect infringement claims.

DATED:  January 6, 2022                    Respectfully submitted,

By: /s/ Paige Arnette Amstutz
Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Robert W. Unikel (*Pro Hac Vice pending*)
robertunikel@paulhastings.com
Matthew Lind (*Pro Hac Vice pending*)
matthewlind@paulhastings.com
John A. Cotiguala (*Pro Hac Vice pending*)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Matthias Kamber (*Pro Hac Vice pending*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Ariell N. Bratton (*Pro Hac Vice pending*)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Beau Stockstill (*Pro Hac Vice pending*)
beaustockstill@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive, Seventeenth Floor
Costa Mesa, CA 92626
Telephone: (714) 668-6200
Facsimile: (714) 668-1921

Joshua Yin (*Pro Hac Vice pending*)
joshuayin@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 6, 2022, all counsel of record who have appeared in these cases are being served with a copy of the foregoing via the Court's CM/ECF system.

 /s/ Paige Arnette Amstutz
Paige Arnette Amstutz